RECEIVED
IN LAKE CHARLES, LA
AUG 3 0 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20105-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| EDGAR JEROME FAULK | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Currently before the court is an objection by the defendant to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to the five level increase pursuant to U.S.S.G. § 2G2.2 which provides that if the defendant engaged in a pattern of activity involving sexual abuse or the exploitation of a minor, the base offense level should be increased by five. The PSR indicates that the defendant's arrest record indicates that he participated in a combination of two or more separate instances of sexual abuse and/or exploitation of a minor.

The defendant was arrested on June 13, 1987 in San Diego, California, and was charged with Oral Copulation of a Person Under 18 Years of Age, Sodomy with a Person Under 18 Years of Age and Contributing to th Delinquency of a Minor (3 Counts). These charges were nor prosecuted.[1]

On January 27, 2005, the defendant was originally charged in Calcasieu Parish, Louisiana, with Sexual Battery. This charge was changed to Aggravated Incest. The defendant asserts that

---

[1] In the interviews with family members stemming from the 2005 arrest, references were made to the California charge in which the minors were males and possibly illegal immigrants.

these charges involve his nephew and the denies that he committed this act. These charges are still pending.

Comment, note 1 to U.S.S.G. §2G2.2 states: "'Pattern of activity' involving the sexual abuse or exploitation of a minor means any combination of to or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct."

The defendant's criminal history reflect two separate arrests for sexual abuse or exploitation of minors. Nothing in § 2G2.2(b)(5) or its current commentary requires a temporal nexus between any instances of sexual abuse or exploitation. In the matter *sub judice,* Faulk has displayed a proclivity for abusing young males, at least one of whom is a family member. Such abuse, even though the events occurred several years apart, constitutes a "pattern of activity involving the sexual abuse or exploitation of a minor" sufficient to justify the adjustment of his offense level. *See U.S. v. Gawthrop,* 310 F.3d 405, 414 (C.A.6 (Mich.), 2002). Accordingly, the defendant's objection is overruled.

Lake Charles, Louisiana, this **30** day of August, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE